UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:

TINER EMPREENDIMENTOS E PARTICIPAÇÕES S.A., TBR CONSTRUÇÕES E INCORPORAÇÕES LTDA., ALEGRIA EMPREENDIMENTOS E PARTICIPAÇÕES LTDA., LCR LOCAÇÃO E TRANSPORTE DE EQUIPAMENTOS E MÁQUINA PARA CONSTRUÇÃO CIVIL, INDÚSTRIA E COMÉRCIO LTDA., VITRON INDÚSTRIA E COMÉRCIO DE VIDROS LTDA., ASOX INDÚSTRIA E COMÉRCIO DE METAIS LTDA., and REVON IMPORTAÇÃO, DISTRIBUIÇÃO E COMMERCIALIZAÇÃOO DE PISOS E REVESTIMENTOS LTDA.,

Chapter 15
Case No.:

Debtors in a Foreign Proceeding.
_____/

**VERIFIED MOTION FOR ORDER GRANTING RECOGNITION OF
FOREIGN MAIN PROCEEDING PURSUANT TO 11 U.S.C. §§ 1515 AND 1517
OF THE BANKRUPTCY CODE AND RELATED RELIEF**

F. Rezende Consultoria e Administração Judicial (the "Judicial Administrator"), the Judicial Administrator of the bankruptcy estates of Tiner Empreendimentos e Participações S.A. ("Tiner Empreendimentos"), TBR Construções e Incorporações Ltda. ("TBR Construções"), Alegria Empreendimentos e Participações Ltda. ("Alegria Empreendimentos"), LCR Locação e Transporte de Equipamentos e Máquinas para Construção Civil, Indústria e Comércio Ltda. ("LCR Locação"), Vitron Indústria e Comércio de Vidros Ltda. ("Vitron Indústria"), ASOX Indústria e Comércio de Metais Ltda. ("ASOX") and Revon Importação, Distribuição e Comercialização de Pisos e Revestimentos Ltda. ("Revon") (Tiner Empreendimentos, TBR Construções, Alegria Empreendimentos, LCR Locação, Vitron Indústria, ASOX, and Revon jointly, the "Debtors"), files this *Verified Motion for Order Granting Recognition of Foreign Main Proceeding Pursuant*

SEQUOR LAW, P.A.

*to §§ 1515 and 1517 of the Bankruptcy Code and Related Relief* (the "Motion"). The Motion seeks entry of an Order granting (i) recognition, pursuant to 11 U.S.C. § 1517,[1] of the Debtors' liquidation proceeding pending before the 1st Bankruptcy and Reorganization Court of the Central Courts of the Capital of São Paulo/SP, Brazil (the "Brazilian Bankruptcy Court"); (ii) related relief pursuant to sections 1520 and 1521; and (iii) any additional relief that may be available under the Bankruptcy Code. The Judicial Administrator further requests a hearing on the initial petition (ECF No. 1) (the "Petition") and this Verified Motion no earlier than twenty-one days after the date the Court issues its notice of hearing, but in any event "at the earliest possible time" thereafter. *See* Fed. R. Bankr. P. 2002(q); § 1517(c).

## PRELIMINARY STATEMENT

1. The Judicial Administrator files the Petition and this Verified Motion pursuant to section 1504 of the Bankruptcy Code, seeking recognition of the Brazilian Proceeding as a "foreign main proceeding" as defined in section 1502(4).

2. The Petition and this Verified Motion are supported by the Declaration under penalty of perjury of Frederico Antonio Oliveira de Rezende (the "Declaration"), attached as **Exhibit "1"** hereto. The Declaration itself contains an exhibit referred to and incorporated herein. The Declaration also provides a summary of the Brazilian Proceeding and the conversion of the Debtors' estates from a reorganization to a liquidation in bankruptcy under the Brazilian Bankruptcy Court's supervision. *See* Ex. 1.

---

[1] Unless otherwise specified herein, all statutory references shall be to Title 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code").

3. A true and correct copy of the Bankruptcy Decree along with a certified translation of same is attached as **Exhibit "1-A"**[2] hereto. The Debtors' bankruptcy proceeding is pending before the Brazilian Bankruptcy Court is hereinafter referred to as the "<u>Brazilian Proceeding</u>."

4. The Reorganization Decree appointed F. Rezende Consultoria e Administração Judicial, represented by Frederico Antonio Oliveira de Rezende, as Judicial Administrator. The Bankruptcy Decree further continued the appointment through the conversion of the proceedings. *See* Ex. 1A.

5. As required by Federal Rule of Bankruptcy Procedure 1007(a)(4), the Statement of Corporate Ownership, in conformity with Rule of Bankruptcy Procedure 7007.1 is being filed concurrently herewith.

6. The Petition, this Motion, and the Declaration demonstrate that the Debtor's liquidation should be recognized as a foreign main proceeding pursuant to section 1517 of the Bankruptcy Code.

7. The Judicial Administrator seeks the type of relief that Chapter 15 was designed to provide, and the Debtor's liquidation, the Petition, and this Motion meet all the requirements for recognition and the requested relief.

## JURISDICTION AND VENUE

8. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334 and sections 109 and 1501 of the Bankruptcy Code.

9. This is a core proceeding under 28 U.S.C. § 157(b)(2)(P), and the Court may enter a final order consistent with Article III of the United States Constitution.

10. Brazil is the Debtors' center of main interests.

---

[2] Exhibit 1-A indicates the document attached as Exhibit "A" to the Declaration.

11. The Debtors' registered office was located in Brazil at the time of the voluntary petition and at all times thereafter.

12. Venue is proper in this district under 28 U.S.C. § 1410. The Judicial Administrator has retained Sequor Law, P.A. ("Sequor Law") in this District, and Sequor Law holds in its trust account in this District US$1,500 on behalf of and for the benefit of the Debtors, to which funds Sequor Law has no rights of setoff, charging lien, or similar right. *See* Ex. 1,.

## BACKGROUND AND BASIS FOR RECOGNITION

13. The Declaration sets forth in detail the background and basis for recognition and it is incorporated by reference as if fully set forth here. *See Id.*

14. The Judicial Administrator has satisfied each of the requirements for recognition of the Brazilian Proceeding under Chapter 15 of the Bankruptcy Code, as follows:

   a. The Judicial Administrator qualifies as a "foreign representative" as defined in 11 U.S.C. § 101(24) because it is a body authorized in the Brazilian Proceeding to administer the liquidation of the Debtors' assets and affairs and to act as a representative of the Brazilian Proceeding. *See* Ex. 1-A.

   b. The Brazilian Proceeding is a "foreign main proceeding" as defined in 11 U.S.C. §§ 101(23) and 1502(4) because (i) it is pending in Brazil, which is the Debtors' center of main interests; and (ii) it is a collective judicial proceeding under a law relating to insolvency or adjustment of debt in which proceeding the Debtors' assets and affairs are subject to the supervision of the Brazilian Bankruptcy Court for the purpose of liquidation. *See* Ex. 1,

   c. This Verified Motion is accompanied by the Order of the Brazilian Bankruptcy Court dated April 22, 2024, converting the Debtors' reorganization proceeding to a

liquidation in bankruptcy and continuing the appointment of F. Rezende Consultoria e Administração Judicial as the Judicial Administrator for legal matters, with an English translation of same (Ex. 1-A).

d.  The Declaration contains a list of all foreign proceedings, persons, or entities that must be identified under 11 U.S.C. § 1515 and Federal Rule of Bankruptcy Procedure 1007. *See* Ex. 1.

e.  Finally, the Judicial Administrator submits that section 109(a) of the Bankruptcy Code does not apply herein. *See In re Al Zawawi*, 97 F.4th 1244 (11th Cir. 2024). Notwithstanding, the bankruptcy estate has property in the United States, including the funds held in trust by Sequor Law.

## RELIEF REQUESTED

15. The Judicial Administrator seeks an Order pursuant to sections 105(a), 1507, 1517, 1520, and 1521 of the Bankruptcy Code, substantially in the form of the Proposed Order attached as **Exhibit "2"** hereto, granting the following relief:

    a.  Recognizing the Brazilian Proceeding as a foreign main proceeding and the Judicial Administrator as the duly authorized foreign representative of the Debtors;

    b.  Granting the relief allowable as of right upon recognition of a foreign main proceeding under section 1520 of the Bankruptcy Code;

    c.  Granting all necessary and appropriate relief under section 1521 of the Bankruptcy Code, including the following:

        i.  Staying the commencement or continuation of any action or proceeding filed without the Judicial Administrator's consent concerning rights,

obligations, or liabilities of any of the Debtors and/or of the Debtors' bankruptcy estates to the extent not stayed under section 1520(a);

ii. Staying execution against the Debtors to the extent not stayed under section 1520(a);

iii. Suspending the right to transfer or otherwise dispose of any assets of the Debtors to the extent this right has not been suspended under section 1520(a);

iv. Providing for the examination of witnesses, the taking of evidence, and the delivery of information concerning the assets, affairs, rights, obligations, or liabilities of the Debtors' or of their estates under section 1521(a)(4), the Federal Rules of Bankruptcy Procedure including Rule 2004, and Local Rule 2004-1;

v. Entrusting the administration or realization of all of the Debtors' assets within the territorial jurisdiction of the United States to the Judicial Administrator and finding that the interests of the Debtors' creditors are sufficiently protected thereby;

vi. Entrusting the distribution of all or part of the assets of the Debtors located within the United States to the Judicial Administrator and finding that the interests of the creditors of the Debtors are sufficiently protected thereby;

vii. Requiring that other than a counterclaim to a suit brought by the Judicial Administrator, no person or entity may commence suit against the Judicial Administrator in any court in the United States, including this Court, without first obtaining leave of this Court;

    viii. Otherwise granting comity to and giving full force and effect to the Bankruptcy Decree attached to the Declaration; and

    ix. Granting the Judicial Administrator such other and further relief as the Court may deem just and proper.

## CONCLUSION

WHEREFORE, the Judicial Administrator respectfully requests that this Court enter an Order substantially in the form of the Proposed Order attached as **Exhibit "2"** hereto and grant such other relief as may be just and proper.

Dated: October 28, 2025

                                                 Respectfully submitted,

                                                 SEQUOR LAW, P.A.
                                                 1111 Brickell Avenue, Suite 1250
                                                 Miami, Florida 33131
                                                 lflorin@sequorlaw.com
                                                 mhanlon@sequorlaw.com
                                                 Telephone:   (305) 372-8282
                                                 Facsimile:    (305) 372-8202

                       By:     */s/ Leyza B. Florin*
                                                 Leyza B. Florin
                                                 Florida Bar No.: 104639
                                                 Michael D. Hanlon
                                                 Florida Bar No.: 1068478

## 28 U.S.C. § 1746 VERIFICATION

I verify under penalty of perjury under the laws of the United States of America that the foregoing Verified Motion is true and correct.

Executed in São Paulo, Brazil on ___ September, 2025

_____
Frederico Antonio Oliveira de Rezende
for and on behalf of the Estates of Tiner Empreendimentos e Participações, S.A., TBR Construções E Incorporações, S.A., Alegria Empreendimentos e Participações, Ltda., LCR Locação e Transporte de Equipamentos e Máquina para Construção Civil, Indústria, e Comércio, Ltda., Vitron Indústria e Comércio de Vidros, Ltda., Asox Indústria e Comércio de Metais, Ltda., and Revon Importação, Distribuição e Commercializaçãoo de Pisos e Revestimentos, Ltda., as Judicial Administrator in the Brazilian Proceeding